# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2017, 10:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dontai Antwan Maurice Green, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 10, 2017 <br><br> Court of Appeals Case No. <br> 45A03-1705-CR-1114 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Diane Ross Boswell, Judge <br><br> Trial Court Cause No. <br> 45G03-1608-F3-24 |

**Bailey, Judge.**

# Case Summary

[1] Dontai Antwan Maurice Green ("Green") pleaded guilty to Robbery, as a Class 5 felony,[1] and was sentenced to two years of imprisonment in the Indiana Department of Correction. Green now seeks appellate revision of his sentence.

[2] We affirm.

# Facts and Procedural History

[3] Green used to work at a Dollar Tree store in Merrillville, and was familiar with the store's closing procedures. On August 3, 2016, Green and two passengers—Tre Vion Conell Carlisle ("Carlisle") and Dejontaye Desmond Latraze Moore ("Moore")—drove to the Dollar Tree parking lot, where they waited for store employees to close the store and walk out with a deposit bag. After watching two employees lock the doors and begin walking to their vehicles, Green stayed behind while Carlisle and Moore approached the employees and demanded the deposit bag. At some point during the encounter, an employee was sprayed in the face with pepper spray. Carlisle and Moore obtained the deposit bag, returned to Green's vehicle, and Green drove them away.

---

[1] Ind. Code § 35-42-5-1.

[4] The State initially charged Green with Armed Robbery, as a Level 3 felony,[2] and Battery by Means of a Deadly Weapon, as a Level 5 felony.[3] Green and the State subsequently entered into a plea agreement whereby the State would add a count of Robbery, as a Level 5 felony, to which Green would plead guilty, and the State would later move to dismiss the remaining counts. The agreement further provided that Green would face a maximum-possible sentence of three years.

[5] The trial court accepted the agreement, and Green pleaded guilty to Robbery, as a Level 5 felony. A sentencing hearing was held, at the conclusion of which the trial court imposed a two-year sentence and dismissed the remaining counts. The sentence was to be served in Lake County Community Corrections with initial placement in the Kimbrough Work Program.

[6] This appeal ensued.

# Discussion and Decision

[7] Pursuant to Indiana Appellate Rule 7(B), we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision," we "find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The "principal role" of our review is "to attempt to

---

[2] I.C. § 35-42-5-1.

[3] I.C. §§ 35-42-2-1(c)(1), -1(g)(2).

leaven the outliers, . . . but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Ultimately, it is the defendant's burden to persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] "[T]he advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. Here, Green pleaded guilty to a Level 5 felony, for which our legislature has selected a sentencing range of one year to six years, with an advisory sentence of three years, *see* I.C. § 35-50-2-6; thus, Green's two-year sentence is less than the advisory sentence. As to the nature of the offense, Green argues that his sentence warrants revision because "it was Carlisle and Moore who actually approached the employees and used the pepper-spray" whereas Green only "did the driving." Appellant's Br. at 9. However, we are not persuaded by Green's arguments in this regard. As the State notes, "there would have been no robbery without Green," Appellee's Br. at 7, who admitted to planning the robbery because he needed the money, knew about the Dollar Tree's closing procedures, and drove his accomplices to and from the store.

[9] As to the character of the offender, Green argues that he was fairly young—twenty years old—at the time of the offense, that he lacked a criminal record, and that his decision to plead guilty reflects an acceptance of responsibility for his crime. Yet, Green was an adult who consciously planned to steal from his former employer, and he used his knowledge to conspire with Carlisle and

Moore. Moreover, Green tried to remove his GPS ankle bracelet while on home monitoring, which does not reflect well on his character. Further, although Green accepted responsibility for his crime and thereby benefitted the State and the victims by eliminating the need for a trial, Green also received a substantial benefit by entering the plea agreement, which provided for a maximum-possible sentence of only three years.

[10] Green has not persuaded us that his two-year sentence is inappropriate.

# Conclusion

[11] The trial court did not impose an inappropriate sentence.

[12] Affirmed.

Baker, J., and Altice, J., concur.